**Mary E. McCONVILLE, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74–603.**

United States District Court,
W. D. Pennsylvania.

May 2, 1975.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM

JOHN L. MILLER, District Judge.

This proceeding has been filed pursuant to Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C.A. § 901 et seq. (Act). By virtue of same we are asked to review a final decision of the Secretary which denied Black Lung survivor's benefits to the wage earner's widow. The case is before us on the Secretary's motion for summary judgment.

The facts are simply stated. Plaintiff is the widow of Patrick J. McConville who died on August 13, 1943, four days shy of his 45th birthday. They were married on November 28, 1923. Plaintiff testified that she was living with and being supported by her husband at his death. She has never remarried. The decedent worked in the mines twenty-one years the last sixteen of which were with the same employer, United States Steel Corporation.

A copy of the coroner's report in evidence confirms the date of death and lists the cause as shock due to a crushed leg which Mr. McConville suffered in a mining accident. Plaintiff admitted that her husband died from shock and a blood clot and further testified that no X-rays were taken or autopsy performed. She also stated that no medical reports were available because the decedent's doctors are all deceased.

The only evidence adduced to show the miner's physical condition at death was in the form of lay testimony. Plaintiff testified that the decedent had difficulty getting his breath, that doctors treated him for miner's asthma, that he took medication for his condition, and that he utilized home remedies in attempting to arrest his respiratory ailment.

James Nichols, a long time friend and fellow employee of the deceased, corroborated plaintiff's testimony by stating his personal knowledge of the decedent's breathing problems. Mr. Nichols also attested to the dusty and dirty atmosphere of the area in which they worked and substantiated the fact that Mr. McConville had to be transferred from his job (cutting machine) because of his breathing problem. It was also disclosed that Mr. McConville, in transferring to another job, stayed in the mine as a laborer or driver and was working at the time of his fatal accident.

## DISCUSSION

Plaintiff seeks to overturn the decision of the Secretary because his findings and evaluations are allegedly contrary to the evidence and law. Initially it should be noted that section 413(b) of the Act, 30 U.S.C.A. § 923(b), incorporates by reference section 205(g) of the Social Security Act for review purposes; thus, if substantial evidence exists on the record to support the Secretary's determination the motion must be granted.

Whether plaintiff has sustained the burden of proving that she is entitled to survivor's benefits is governed by regulations the Secretary issued pursuant to 30 U.S.C.A. § 921(b). For a widow to qualify the conditions of entitlement are set out rather clearly:

An individual is entitled to benefits if such individual:

(a) Is the widow (see § 410.320) or surviving divorced wife (see § 410.321) of a miner (see § 410.110(j));

(b) Is not married (or, for months prior to May 1972, had not remarried since the miner's death);

(c) Has filed a claim for benefits in accordance with the provisions of §§ 410.220–410.234;

(d) Was dependent on the miner at the pertinent time (see § 410.360 or § 410.361); *and*

(e) *The deceased miner:*

(1) Was entitled to benefits at the time of his death; or

(2) *Died before January 1, 1974, and it is determined that he was totally disabled due to pneumoconiosis at the time of his death,* or that his death was due to pneumoconiosis (see Subpart D of this part). 20 C.F.R. § 410.210 (emphasis added).

It is unquestionable, and the Secretary so concedes, that plaintiff has satisfied (a) through (d) of the above requirements. The instant dispute arises over whether she has fulfilled (e)(2) of the test.[1]

■ Plaintiff contends that she is entitled to survivor's benefits under those regulations which provide the interim rules for Part B claims filed by survivors where the miner died before January 1, 1974. See 20 C.F.R. § 410.-490. Under these regulations a miner's survivor may be eligible for benefits if it can be established that he was totally disabled at the time of death due to pneumoconiosis (Black Lung).[2] Plaintiff further contends that she has demonstrated by competent, credible and uncontested evidence that her husband was totally disabled from Black Lung disease within the meaning of the Act when he died in 1943. The problem with this position is that a reading of the regulations she relies upon, § 410.490, reveals that establishment of the interim rebuttable presumption of total disability due to pneumoconiosis at the time of his death[3] can only be achieved by meeting medical requirements. Accord, Dellosa v. Weinberger, 386 F.Supp. 1122 (E.D.Pa.1974). The regulation, which calls for chest X-ray, biopsy, autopsy or ventilatory studies, cannot be met in this case since the record is wholly barren of medical evidence.

While the foregoing is in and of itself enough to affirm the Secretary's decision the Court wishes to expand this discussion.

■■ The fact that plaintiff is effectively precluded from coverage by § 410.490 does not foreclose to her the opportunity of qualifying under the permanent provisions of the Act. See 20 C.F.R. § 410.401 et seq. Paragraph (e) under § 410.490, which is addressed to the situation where the aforementioned relevant presumption cannot be attained, provides:

Where it is not established on the basis of the presumption in paragraph (b) of this section that a miner is (or was) totally disabled due to pneumoconiosis, *or was totally disabled due to pneumoconiosis at the time of his death,* or that his death was due to pneumoconiosis, the claimant may nevertheless establish the requisite disability or cause of death of the miner under the rules set out in §§ 410.412 to 410.462 (emphasis added).

A reading of those general rules, however, indicates to this Court that some minimal showing of pneumoconiosis by medical evidence is required. 20 C.F.R.

---

1. There *is no doubt that* (e)(1) *is* inapplicable here since the miner's death preceded the Act by more than 25 years.

2. Plaintiff asserts incorrectly on brief that recovery for the miner's suffering from "complicated pneumoconiosis" is also prescribed by 20 C.F.R. § 410.490 (Plaintiff's Memorandum of Law, p. 1). Since 20 C.F.R. § 410.418 provides for that condition we have examined

the record and conclude that the Secretary's finding of no "complicated pneumoconiosis" to be substantially supported by the evidence.

3. This regulation also provides coverage if a claimant can show the miner's death was *caused by pneumoconiosis.* Plaintiff concedes that this theory of coverage is inapplicable to her case.

§ 410.422(c). Moreover the legislative history of the Act supports such a conclusion. S.Rep.No.92–743, U.S.Code Cong. & Admin.News, 92nd Cong. 2nd Sess. pp. 2305, 2321 (1972).

▮ Of course the Secretary's position here is only enhanced by the fact that qualification under these general provisions necessitates passing a two-step test similar to the disability requirements imposed by section 223 of the Social Security Act. That is to say the pneumoconiosis, if proven, shall be considered a total disability for purposes of survivor's benefits if, at the time of the miner's death—

> [h]is pneumoconiosis *prevented him from engaging in gainful work* in the immediate area of his residence requiring the skills and abilities *comparable to those of any work in a mine or mines* in which he previously engaged with some regularity and over a substantial period of time (that is, "comparable and gainful work"; see §§ 410.424–410.426);

20 C.F.R. § 410.412(b)(1) (emphasis added).

The Act itself employs essentially the same language. 30 U.S.C.A. § 902(f) (Supp.1975). Thus even if plaintiff were able to prove by competent medical and other relevant evidence that her husband suffered from Black Lung at the time of his death it is an uncontroverted fact of record that Mr. McConville was then working (albeit at a different job) as a regular employee in the mines.

Therefore the Court, in fully reviewing the entire record and considering the briefs of both parties, finds no reason to conclude that the Secretary's decision is unsupported by substantial evidence.

An appropriate order shall be entered.

## ORDER OF COURT

And now, to-wit, this 2 day of May, 1975, it is hereby ordered that defendant's motion for summary judgment be and the same hereby is granted.